## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| GARY HAROLD GREEN §<br>#1866626 §<br>§<br>V. §<br>§<br>LORIE DAVIS, §<br>et al. § | | A-19-CA-497-LY |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Connally Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff challenges his conviction for robbery causing bodily injury, enhanced for punishment. Plaintiff was sentenced to 99 years in prison. Plaintiff contends his indictment was void and he is falsely imprisoned.

Plaintiff previously challenged his conviction in a federal application for habeas corpus relief. See Green v. Davis, No. A-16-CV-1048-SS (W.D. Tex.). The Court denied the application on

August 15, 2017. Plaintiff's appeal was dismissed for failure to comply with the certificate of appealability requirements on January 25, 2018. Green v. Davis, No. 17-51013 (5th Cir. 2018).

Plaintiff sues the State of Texas, Director of the Texas Department of Criminal Justice - Correctional Institutions Division Lorie Davis, former Travis County District Attorney Rosemary Lehmberg,[1] Judge Julie Kocurek, Assistant Travis County District Attorney Christopher Baugh, Assistant Travis County District Attorney Katherine Sweeten, defense attorney Richard Jones, appellate counsel Kristen Jernigan, Fifth Circuit Clerk's Office employee Claudia Farrington, and Assistant Texas Attorney General Edward Marshall. Plaintiff seeks $350,000 in damages against Claudia Farrington for her alleged refusal to file a motion pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure in his appeal of his federal habeas application. He seeks $1,000,000 from each of the other defendants. Plaintiff also seeks his immediate release from prison.

DISCUSSION AND ANALYSIS

    A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status

---

[1] The correct spelling of Rosemary Lehmberg's name is substituted for the defendant previously identified as "Rosemary Lehmber."

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Eleventh Amendment Immunity

Plaintiff's claims against the State of Texas are barred by the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).

C. Prosecutors

Plaintiff's claims against former Travis County District Attorney Rosemary Lehmberg and Assistant Travis County District Attorneys Christopher Baugh and Katherine Sweeten are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Burns v. Reed, 500 U.S. 478, 487-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Buckley v. Fitzsimmons 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights

liability for actions taken in connection with a judicial proceeding, even if taken maliciously. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In Imbler, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorney during Plaintiff's criminal proceedings which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendants that were outside the course and scope of representing the Travis County District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Defendants Lehmberg, Baugh, and Sweeten are protected by absolute immunity.

    D.    Judge Kocurek

Plaintiff's claims against Judge Kocurek are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502

U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Kocurek that were nonjudicial in nature nor does he show that she was acting in the clear absence of all jurisdiction. Accordingly, Judge Kocurek is protected by absolute immunity.

### E. Defense Attorneys

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Defense attorneys are not state actors. As such, an action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826 (1986).

5

F.      Heck- Barred

Plaintiff's claims against all of the defendants except Claudia Farrington are also barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.

G.      Clerk's Office Employee

Plaintiff's claim against Claudia Farrington is frivolous. Prisoners have a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). This right of access for prisoners is not unlimited. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, to prevail on a denial of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. Id. at 349-53.

On or about March 20, 2019, Plaintiff attempted to file a "Motion for Leave to File a Rule 52(b)" motion in Cause No. 17-50113 at the Fifth Circuit Court of Appeals. However, the appeal had been dismissed more than a year earlier on January 25, 2018. Ms. Farrington, a Clerk's Office employee, returned the motion to Plaintiff unfiled and explained no action would be taken on the motion as the court was without jurisdiction. The motion Plaintiff attempted to file was untimely and frivolous. As such, he has not stated a claim for denial of access to the court.

      H.      <u>Habeas Claims</u>

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner challenging the fact or duration of his confinement, seeking immediate or speedier release is habeas corpus relief. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973). However, Plaintiff has already filed an unsuccessful federal application for habeas corpus relief.

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Because Petitioner has not obtained prior approval to file a successive habeas corpus application, the Court is without jurisdiction to consider any claims for habeas corpus relief. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the State of Texas be dismissed without prejudice for want of jurisdiction. It is further recommended that Plaintiff's remaining claims for monetary relief be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is finally recommended that Plaintiff's request for habeas corpus relief be dismissed without prejudice to refiling an application for habeas corpus relief after Plaintiff obtains permission from the Fifth Circuit Court of Appeals to file a successive habeas corpus application.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of

an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on May 13, 2019.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE